UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF LOUISIANA


 TRUDY CHAUVIN CLARK                        CIVIL ACTION

 VERSUS                                     NO: 16-10421

 CST SERVICES, LLC, ET                      SECTION: "J"(3)
 AL.

                              **ORDER & REASONS**

   Before the Court is a *12(b)(6) Motion to Dismiss Defendant Shirley Hester* **(R. Doc. 7)** filed by Defendants CST Services, LLC (CST) and Shirley Hester, and an opposition thereto filed by Plaintiff **(R. Doc. 13)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

                       **FACTS AND PROCEDURAL BACKGROUND**

   This litigation derives from injuries Plaintiff allegedly suffered when she allegedly tripped and fell due to a "defective mat/rug" at a convenience store owned and operated by CST. (R. Doc. 1-1.) Plaintiff alleges that Defendants, including CST's employee, Ms. Shirley Hester, are at fault for her injuries. *Id.* On June 16, 2015, Plaintiff commenced this action in the Seventeenth Judicial District Court for the Parish of LaFourche. *Id.* On June 15, 2016, the suit was removed to this Court on the basis of diversity jurisdiction. (R. Doc. 1.) On September 15, 2016, Defendants moved to dismiss the claims against Defendant

Hester under Federal Rule of Civil Procedure 12(b)(6). (R. Doc. 7.) In short, Defendants argue that Plaintiff's complaint fails to state a claim against Ms. Hester, as an employee of CST, under Louisiana law. Defendants' motion to dismiss is now before the court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

**1.   Defendants' Arguments**

Defendants argue that Plaintiff's complaint fails to state a claim against Ms. Hester. (R. Doc. 7.) Defendants argue that Plaintiff has not alleged, nor offered any factual support indicating, that Ms. Hester owed Plaintiff a duty of care. *Id.* at 3. Further, Defendants argue that Plaintiff has neither alleged nor provided any factual support indicating that Ms. Hester breached a duty of care through her own personal fault, as contrasted with technical or vicarious fault. *Id.* Finally, Defendants argue that Plaintiff's theories of fault regarding Ms. Hester include only administrative responsibilities, and as such, Plaintiff cannot recover against Ms. Hester. *Id.* For these reasons, Defendants argue that Plaintiff's claims against Ms. Hester must be dismissed.

**2.   Plaintiff's Arguments**

Plaintiff summarizes her argument as follows: ". . . [Ms.] Hester ought to have kept a better lookout, and if she had done so she would have had time after she saw the dangerous condition to take proper precautions. . . . [Ms.] Hester failed to post signs

2

warning of the dangerous conditions on the floor/walking area of CST and that Hester could have, but did not, warn [Plaintiff] about the dangerous conditions."

## **LEGAL STANDARD**

Because jurisdiction is based on diversity of citizenship, Louisiana substantive law and federal procedural law apply to these state-law claims. *See Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015). Under Federal Rule of Civil Procedure 12(b)(6), "a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal

conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

Louisiana law sets forth the circumstances under which a corporate employee can be held individually liable for injuries to third persons. Under Louisiana law, a store manager or employee may be personally liable for a customer's injury on store premises only if (1) the employer owes a duty of care to the customer; (2) the employer delegated that duty to the employee; (3) and the employee breached this duty through his own personal fault and lack of ordinary care. *Moore v. Manns*, 732 F.3d 454, 456–57 (5th Cir. 2013) (citing *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, La. Rev. Stat. § 23:1032)). However, personal liability cannot be imposed upon the employee simply because of his "general administrative responsibility." *Canter*, 283 So. 2d at 721. The employee "must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages." *Id.* Accordingly, in order to state a cause of action against Ms. Hester, it must be plausible on the face of Plaintiff's complaint that CST owed a duty of care to Plaintiff, that CST delegated that duty to Ms. Hester, and that Ms. Hester breached this duty through her own

4

personal fault and lack of ordinary care. *See Moore*, 732 F.3d at 456-57; *Canter*, 2005 WL 1831092 at *2.

Plaintiff's complaint states that Ms. Hester was aware of the dangerous condition, or should have been aware of the dangerous condition, and breached a duty to discover, remedy, or warn Plaintiff of such danger, and is therefore personally liable to Plaintiff for the damages she sustained. (R. Doc. 1-1 at 3.) Further, Plaintiff alleges that Ms. Hester was in close proximity to the allegedly dangerous condition and had ample time to warn Plaintiff or take corrective action. *Id.* at 3-4. Finally, Plaintiff's complaint includes a boilerplate list of alleged negligent acts committed by Ms. Hester, including the following:

> a. Failure to maintain a safe and clean premises;
> b. Failure to warn petitioner of the condition on the premises of CST Services, LLC;
> c. Failure to correct the condition in the defendant area in spite of previous knowledge, and/or constructive knowledge, thereof;
> d. Failure to post signs warning of the dangerous conditions on the floor/walking area of CST Services, LLC, d/b/a VALERO;
> e. Failure to initiate, maintain and follow an adequate system of maintenance to prevent the incident at issue;
> f. Failure to initiate, maintain and follow an adequate inspection procedure to detect the unsafe area, which caused the incident, which is the subject of the this litigation, and to alert all businesses within its building operating with its consent within its building, of the proper procedures, warnings, and actions to take when a dangerous conditions is present, seen, or should have been seen;
> g. Placing and failing to maintain an inherently and defective rug/mat that is defective and is placed in such a manner that is dangerous;

> h. Any and all other acts of negligence, which will be proven at the trial of this matter.

Plaintiff argues that these allegations are sufficient to state a claim against Ms. Hester for her personal liability. (R. Doc. 13.)

Several courts have found allegations similar to those posed by Plaintiff insufficient to support personal liability on the part of a store manager or employee and concluded that the store manager or employee was improperly joined to defeat diversity. For example, in *Giles v. Wal-Mart Louisiana LLC*, a plaintiff sued Wal-Mart and the store manager for personal injuries she allegedly sustained when she slipped and fell in a hole in the Wal-Mart parking lot. No. 16-2413, 2016 WL 2825778, at *1 (E.D. La. May 13, 2016).[1] The plaintiff alleged the manager was liable for a list of negligent acts such as failing to supervise his employees, failing to provide signage warning of the alleged hazard, and failing to discover and correct the dangerous condition. *Id.* at *3. This Court concluded that the plaintiff's allegations against the manager were insufficient to trigger personal liability, because the plaintiff did not allege that the manager owed her a personal, independent duty, that Wal-Mart ever delegated any of its duties to protect the safety of the Plaintiff to the manager, nor that

---

[1] Although *Giles* addressed a motion to remand for improper joinder, this Court noted that in addressing motions for improper joinder courts should conduct "a rule 12(b)(6)-type analysis" and determine whether the complaint states a claim under state law. *Giles*, 2016 WL 2825778, at *2 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Accordingly, its analysis is persuasive and pertinent in this case.

6

the manager ever acted unreasonably. *Id.* at *4. Rather, the court found it to be "a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'" *Id.* (quoting *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, *4 (E.D. La. Apr. 8, 2015)); *see also Carter v. Wal-Mart Stores, Inc.*, No. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005)).

Similarly, in *Robinson v. Wal-Mart Stores, Inc.*, the plaintiff sued a Wal-Mart store and its general manager after she slipped and fell while shopping in the store. No. 15-6871, 2016 WL 1572078, at *1 (E.D. La. Apr. 19, 2016). After the case was removed to federal court, the plaintiff filed a motion to remand. *Id.* The court denied the motion to remand, concluding that the manager was improperly joined, because the plaintiff failed to allege that the manager owed a personal, independent duty to store patrons, delegated to him by Wal-Mart, which he breached through personal, rather than technical or administrative, fault. *Id.* at *3.

In contrast, in *Lounsbury v. Winn-Dixie Louisiana, Inc.*, the plaintiff was looking at various pie fillings when a store employee walked up behind him and squatted by his feet. No. 95-2544, 1995 WL 626211, at *1 (E.D. La. Oct. 20, 1995). As the plaintiff made his selection, he tripped and fell backwards over the squatting employee. *Id.* The court held that the plaintiff stated a claim

7

against the employee because the plaintiff alleged that the employee "breached his duty to him by obstructing his passage and negligently tripping him." *Id.* at *2. There, the alleged negligence did not arise out of a "general administrative responsibility," but from a personal duty the employee owed to the plaintiff. *Id.*

The allegations in Plaintiff's petition are more analogous to those in *Giles* and *Robinson* than to those in *Lounsbury*. Plaintiff's complaint does not alleged that Ms. Hester owed her a personal, independent duty, the breach of which caused her to slip and fall. Nor has Plaintiff alleged that CST ever delegated the duties which it owed to third party patrons as a merchant under Louisiana law, nor that Ms. Hester acted unreasonably. Instead, Plaintiff generally alleges that Ms. Hester failed to manage and maintain the building, failed to properly inspect and discover the alleged dangerous condition, and failed to provide signage about the alleged dangerous condition. These assignments do not state a claim for individual liability against Ms. Hester. *See Giles*, 2016 WL 2825778, at *4. Plaintiff's allegation that Ms. Hester "knew or in the exercise of reasonable care, should have known of" the allegedly dangerous condition on the premises is a conclusory allegation that the Court is not required to accept, and it does not amount to an allegation that Ms. Hester personally knew of the allegedly dangerous mat/rug. *Id.*

8

In sum, a review of Plaintiff's petition reveals no allegations that CST ever delegated its duty of care of Plaintiff to Ms. Hester, nor that Ms. Hester ever acted unreasonably. This is "a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'" *Giles*, 2016 WL 2825778, at *4; *Rushing*, 2015 WL 1565064, at *4. In conclusion, under such circumstances, Plaintiff cannot recover against Ms. Hester under Louisiana law and her claims against Ms. Hester must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(R. Doc. 7)** is **GRANTED**. Plaintiff's claims against Defendant Shirley Hester are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 4th day of November, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE